**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4255
_____

JOSE ALFONSO UGARTE,
a/k/a/ JOSE MENDOZA,
                                        Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-495-108)
Immigration Judge:  Honorable Daniel A. Morris
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 1, 2017

Before:  AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: June 5, 2017)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jose Alfonso Ugarte petitions for review of his final order of removal. We will deny the petition.

## I.

Ugarte is a citizen of Peru who entered the United States in 1989 as a lawful permanent resident. The Government previously placed him in removal proceedings, and an Immigration Judge ("IJ") granted him cancellation of removal. That grant of cancellation rendered Ugarte statutorily ineligible to be granted cancellation again. See 8 U.S.C. § 1229b(c)(6); Taveras v. Att'y Gen., 731 F.3d 281, 283 n.2 (3d Cir. 2013).

In December 2015, the Government placed Ugarte in his present removal proceedings by serving him with a notice to appear. The notice charged Ugarte with removability under 8 U.S.C. § 1227(a)(2)(A)(ii) for having been convicted of two crimes involving moral turpitude. The notice listed 14 New Jersey shoplifting-related convictions, including two convictions following Ugarte's grant of cancellation.

Ugarte appeared pro se at five hearings before three different IJs. At the second hearing, IJ Alan A. Vomacka advised Ugarte that he might be eligible for cancellation and asylum and then adjourned the hearing so that Ugarte could apply for relief. IJ Vomacka apparently was unaware of Ugarte's previous grant of cancellation.[1] Ugarte later filed an application for cancellation but not for asylum. At Ugarte's final hearing

---

[1] IJ Vomacka noted that Ugarte appeared to satisfy the requirements of 8 U.S.C. § 1229b(a), and the Government's counsel agreed. (A.R. 216.) The Government's counsel did not inform the IJ of Ugarte's previous grant of cancellation at that time.

before a different IJ, the Government finally informed the IJ of Ugarte's previous grant of cancellation. The Government entered into evidence the previous order granting Ugarte cancellation under the same alien registration number (A.R. 259), and Ugarte admitted having been granted cancellation before (A.R. 252). The IJ denied Ugarte's application for that reason. The IJ also found him removable and ordered his removal to Peru.

Ugarte appealed pro se to the Board of Immigration Appeals ("BIA"). In his notice of appeal, he asserted merely that he was "in disagreement" with the IJ's decision but did not raise any argument. (A.R. 191.) Ugarte also submitted a "personal statement" (A.R. 15-16), and a letter to the BIA (A.R. 26). Ugarte acknowledged the basis for the IJ's ruling in his letter, but he did not raise any argument in that regard. Instead, he argued that cancellation was warranted on the merits because his convictions were related to physical and psychological problems and drug and alcohol abuse. He also submitted new evidence in the form of medical records.

The BIA dismissed Ugarte's appeal because it agreed with the IJ that Ugarte was statutorily ineligible for a second grant of cancellation. The BIA also declined to remand for consideration of Ugarte's new evidence because it was not relevant in light of his ineligibility for relief. Ugarte petitions for review, and we have jurisdiction pursuant to 8 U.S.C. § 1252(a) except as noted below.

II.

Ugarte's sole argument on review is that, if IJ Vomacka had not advised him that he might be eligible for cancellation, he would have applied for some other form of relief. Ugarte does not specify any other form of relief that he would or could have sought or the basis for such relief, and our review does not suggest any form of relief that might have been available before the IJ.[2]

In any event, we lack jurisdiction to review this issue because Ugarte did not exhaust it by raising it before the BIA and the BIA did not raise it sua sponte. See 8 U.S.C. § 1252(d)(1); Lin v. Att'y Gen., 543 F.3d 114, 120, 123-24 (3d Cir. 2008). Our exhaustion policy is liberal, particularly for pro se litigants, and petitioners need only make "some effort . . . to place the Board on notice of a straightforward issue being raised on appeal." Higgs v. Att'y Gen., 655 F.3d 333, 338 (3d Cir. 2011) (quoting Lin, 543 F.3d at 120). But however liberally construed, none of Ugarte's filings suggested that he sought relief on the basis of the IJ's advice that he might be eligible for cancellation.

To the contrary, he argued only that cancellation was warranted on the merits. The IJ, however, denied cancellation because Ugarte is statutorily ineligible for that relief as explained above. Ugarte did not challenge that ruling before the BIA, and he does not challenge it on review. Ugarte also has never raised any challenge to his removability.

---

[2] During Ugarte's final hearing, he stated that he wanted to seek relief on the basis of physical assaults that he suffered in the United States. The IJ then questioned the Government's counsel about potential forms of relief, and the Government's counsel advised Ugarte that the proper way to seek relief in that regard was to apply for a "U visa" from United States Citizenship and Immigration Service. (A.R. 255-56.) That advice was correct. See Sunday v. Att'y Gen., 832 F.3d 211, 213 (3d Cir. 2016).

### III.

For these reasons, we will deny Ugarte's petition for review.